UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X Docket No. 18-cv-7318 (VB)
SEAN LEATH,

                            Plaintiff,                        **MEMORANDUM OF LAW
                                                                           IN OPPOSITION TO
   -against-                                                  **DEFENDANTS' MOTION
                                                                           TO DISMISS**

COUNTY OF ORANGE, CARL E. DUBOIS as
SHERIFF, in his official capacity, PERNELL GRIFFIN,
"JOHN DOE 2" name being fictitious, true name unknown,
"JOHN DOE 3" name being fictitious, true name unknown,
"JOHN DOE 4" name being fictitious, true name unknown,
"JOHN DOE 5" name being fictitious, true name unknown,
"JOHN DOE 6" name being fictitious, true name unknown,
"JOHN DOE 7" name being fictitious, true name unknown,
"JOHN DOE 8" name being fictitious, true name unknown,
"JOHN DOE 9" name being fictitious, true name unknown,
"JOHN DOE 10" name being fictitious, true name unknown,
"JOHN DOE 11" name being fictitious, true name unknown,
"JOHN DOE 12" name being fictitious, true name unknown,
"JOHN DOE 13" name being fictitious, true name unknown,
"JOHN DOE 14" name being fictitious, true name unknown,

                                Defendants.
------------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

SOBO & SOBO, LLP
*Attorneys for Plaintiff*
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

BY: _____
FUNSHO ILORI
filori@sobolaw.com

TO:

Carol C. Pierce
Chief Assistant County Attorney
LANGDON C. CHAPMAN
County Attorney for Orange County
255-275 Main Street
Goshen, New York, 10924
(845) 291-3150
Attorneys for Defendants County of Orange
And Carl E. Dubois in his official capacity
As Sherriff

## I. PRELIMINARY ARGUMENT

A Plaintiff does not need to plead personal involvement against CARL E. DUBOIS in his official capacity as Sheriff in order to maintain a claim for relief. *See*, Lipton V. County of Orange, NY, 315 F.Supp.2d 434, 452 (S.D.N.Y., 2004). Instead, a suit against the Sheriff, in his official capacity is the functional equivalent of a suit against Orange County. *See*, Id at 452. The Sherriff was and is mandated, by state law, to maintain the jail and is responsible for the care, protection and control of inmates who are lawfully committed to his custody. Pagan v. County of Orange, 2001 WL 32785, No. 99 Civ. 12319(CM) (S.D.N.Y., 2001). As the "final policymaking authority," with regard to the Orange County Correctional Facility, the Sheriff's decisions and policies are attributable to the County of Orange. Jeffes v. Barnes, 208 F.3d 49, 57 (Ct. App. 2nd Cir. 2000). A plausible claim exists that the Sherriff's policy and custom of allowing known violent felons with a predilection for assaulting other inmates with razors into an open environment with little supervision demonstrated deliberate indifference toward a known risk of harm sufficient to attach liability to the County Defendants for violation of the Plaintiff's Eighth Amendment rights. As such, the Motion to Dismiss should be denied.

## II. FACTS AND BACKGROUND

Plaintiff's account of the facts of the Plaintiff's assault are set forth in detail in plaintiff's Affirmation in Opposition.

## III. LEGAL ARGUMENT

### A. Legal Standard for the Motion to Dismiss

At this stage, the Motion should be denied if the Plaintiff's Claims are "facially plausible." Charles v. Orange County, 925 F.3d 73, 81 (Ct. App. 2nd Cir. 2019). The Claim is

facially plausible, when the factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Charles v. Orange County, *supra*, 925 F.3d 73 at 81. In considering the Motion, the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Id.

### B. Plaintiff Established a Plausible Claim of Liability Against the County Defendants

"When a person is involuntarily held in state custody, and thus wholly dependent upon the state, the state takes on an affirmative duty to provide for his or her safety and general well-being" Id at 82. The Eight Amendment establishes a duty of prison officials to protect prisoners from violence at the hands of other prisoners. Pagan v. County of Orange, *supra*, 2001 WL 32785; *citing*, Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prisoner's Eight and Fourteenth amendment rights are violated when a prison official acts with deliberate indifference toward a substantial risk of serious harm. Pagan v. County of Orange, *supra*, 2001 WL 32785; *See also*, Charles v. Orange County, *supra* 925 F.3d 73.

The Plaintiff pleaded that "THE COUNTY" demonstrated deliberate indifference to a substantial risk of serious harm, by failing to stop the use of a deadly weapon upon the face of the Plaintiff when the County Defendants knew about PERNELL GRIFFIN's predilection for violence with the use of a razor blade or deadly weapon (Complaint, ¶¶ 25-26). The complaint also asserts that the County Defendants did not establish reasonable policy and procedures to mitigate the risk of assault which PERNELL GRIFFIN posed to the inmates in D-2 (Complaint, ¶ 27-28). The Sherriff[1] was deliberately indifferent if 1) the Sherriff's acts or omissions resulted in the denial of the minimal civilized measure of life's necessities, and the Sherriff knew of and

---

[1] As the primary policymaker over the prison, the Sherriff's actions are imputed on the COUNTY OF ORANGE

disregarded an excessive risk to inmate health or safety. Pagan v. County of Orange, *supra*, 2001 WL 32785; *See* Farmer v. Brennan, *supra*, 511 U.S. 825; *See also*, Charles v. Orange County, *supra* 925 F.3d 73. Here, the Sherriff's failure to protect the Plaintiff resulted in deep gashes to the Plaintiff's face from a deadly weapon which required thirty-two stiches and left noticeable scarring to the Plaintiff's face and neck. Further, the parties do not dispute that the assault on the Plaintiff was a sufficiently serious deprivation satisfying the deliberate indifference standard. *C.f.*, Pagan v. County of Orange, *supra*, 2001 WL 32785.

Here, the Sherriff also knew or should have known that PERNELL GRIFFIN represented a sufficiently serious danger to the Plaintiff. Farmer v. Brennan, *supra* 511 U.S. 825 at 832; Pagan v. County of Orange, *supra*, 2001 WL 32785. The Sheriff may not take refuge in the fact that, while "he was aware of an obvious substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who committed the assault." Farmer v. Brennan, *supra* 511 U.S. 825 at 843. Further, the Sherriff may not take refuge in the fact that PERNELL GRIFFIN did not threaten or have substantial interaction with the Plaintiff prior to the assault because the Sherriff was required to protect the Plaintiff from an excessive risk of attack either for reasons personal to him or because all prisoners in his situation face such a risk. Pagan v. County of Orange, *supra*, 2001 WL 32785; Farmer v. Brennan, *supra* 511 U.S. 825 at 843. In this case, PERNELL GRIFFIN represented a threat to all inmates in the day room. Further, since PERNELL GRIFFIN had been transferred to the Facility after slashing inmates at another prison with a razor, the danger that PERNELL GRIFFIN represented to the population at the Facility should have been obvious to the Sherriff. Moreover, D-2 was a dorm for those specific inmates who had already demonstrated a greater propensity to violate prison rules than the general population, and thus, should have required additional supervision. Pagan

v. County of Orange, *supra*, 2001 WL 32785. Yet, the Sherriff had established the policy of allowing twenty-eight of the inmates, including PERNELL GRIFFIN to mingle in a single room. Further, the Sherriff had only provided a single officer to supervise the twenty-eight detainees. As a result, the violent inmate, PERNELL GRIFFIN, who was not searched prior to entering the room[2] was able to assault the Plaintiff three times without the sole officer on duty noticing the attack. Only when the Plaintiff responded, did the officer radio in for assistance. Further, there were no other officers on duty in the day room, forcing the officer on duty to rely only on verbal commands to address the assault until more officers could be routed to the day room. This demonstrates a reasonable inference that the deliberate indifference to the substantial risk of allowing PERNELL GRIFFIN to use the day room with other inmates combined with the recklessly deficient supervision assigned to the day room was a violation of the Plaintiff's Eight and Fourteenth Amendment rights. Pagan v. County of Orange, *supra*, 2001 WL 32785; Farmer v. Brennan, *supra* 511 U.S. 825; Pierson v Hartley, 391 F.3d 898 (Ct. App. 7th Cir. 2004). Thus, the Motion should be denied because the Plaintiff has a plausible claim that the County Defendants have violated the Plaintiff's Eight and Fourteenth Amendment rights by demonstrating a deliberate indifference toward a substantial risk of harm to the Plaintiff. However, if the Court does find that the complaint does not specify sufficient facts which were available to the Plaintiff to support the claim, the Plaintiff requests leave to amend the complaint to include more specific information about the County Defendants' policy and indifference. Cunningham v. City of New York, 2019 WL 4747714 (S.D.N.Y. 2019).

---

[2] None of the prisoners were searched before entering the day room

## V. CONCLUSION

Accordingly, County Defendants' motion to dismiss should be denied as the Plaintiff has demonstrated a plausible claim for relief.