UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2020

SEAN LEATH,

                              Plaintiff,

          -against-

COUNTY OF ORANGE, CARL E. DUBOIS as
SHERIFF, *in his official capacity*, PERNELL
GRIFFIN, and "JOHN DOE" 1–14,

                              Defendants.

18-CV-7318 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Sean Leath ("Plaintiff" or "Leath") commenced this action pursuant to 42 U.S.C.

§ 1983 against the County of Orange (the "County"), Sheriff Carl E. DuBois (with the County,

the "County Defendants"), Pernell Griffin, and John Does 1–14 (together, the "Defendants") on

August 15, 2018. (*See* Complaint, ECF No. 2.) In this action, Plaintiff alleges claims sounding

in the Eighth and Fourteenth Amendments to the United States Constitution, Article I, Sections 1,

5 and 6 of the Constitution of the State of New York, and state law. (*See* Amended Complaint

("Am. Compl.") ECF No. 23.)

Before the Court is the County Defendants' Motion to Dismiss the Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) (the "Motion").[1] (*See* ECF No. 32.) For the following

reasons, the County Defendants' Motion is GRANTED in its entirety.

---

[1] Defendant Pernell Griffin, proceeding *pro se* (ECF No. 19), does not join the County Defendants' Motion.

## BACKGROUND

### I.   Factual Allegations

The following facts are derived from the Complaint or matters of which the Court may take judicial notice and are taken as true and constructed in the light most favorable to Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

A court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

### a.   October 27, 2016 Incident

During the relevant time period, Plaintiff was an inmate at the Orange County Correctional Facility ("OCCF") located at 110 Wells Farm Road in Goshen, New York. (Am. Compl. ¶¶ 5, 25.) On October 27, 2016, while in Delta-2 dayroom, Plaintiff was physically beaten by several inmates, including Defendant Pernell Griffin ("Griffin"). (*Id*. ¶ 25.) During the beating, Griffin cut Plaintiff's face multiple times with a razorblade or other sharp weapon, resulting in open wounds and significant disfigurement. (*Id*. ¶¶ 25–26.) Plaintiff was humiliated and alleges he suffered severe and permanent injuries as a result of the beating. (*Id*. ¶¶ 31.)

Fourteen OCCF corrections officers (*i.e.*, John Does 1–14) did nothing to stop the beating or to prevent the harboring and use of the weapon. (*Id*. ¶¶ 9–22, 26.) Subsequently, Plaintiff

was tackled to the ground by several correctional officers and Plaintiff alleges he sustained severe personal injuries.  (*Id*. ¶ 26.)  Plaintiff alleges that the County and the John Does knew about Griffin's "predilection for violence with the use of razor blades, knives and/or sharp make-shift shank weapons, and failed to properly inspect, pat search and implement reasonable policy [sic] and procedures to prevent the subject incident from occurring."  (*Id*. ¶ 28.)  As a result of Defendants' acts, Plaintiff experienced pain and suffering and suffered multiple bruises and contusions, as well as multiple cuts and lacerations to his face and/or head, which required stitches.  (*Id*. ¶ 32.)  Plaintiff alleges that Defendants' conduct was intended to injure and humiliate Plaintiff.  (*Id*. ¶ 33.)

### b.  Procedural History

Plaintiff filed grievances with the New York State Commission of Correction without recourse.  (*Id*. ¶ 24.)

On December 16, 2016, Plaintiff filed with Defendants a verified written Notice of Claim against the OCCF, Orange County Jail, Orange County Sheriff's Office, County Executive's Office, and Orange County Attorney's Office.  (*Id*.; Declaration of Carol C. Pierce in Support of Motion to Dismiss ("Pierce Decl."), ECF No. 28, Ex. B ("Notice of Claim").)  The Notice of Claim was based in negligence, claiming a failure to protect, and negligent hiring and training of staff.  (*See* Notice of Claim at 2.)

On January 16, 2018, Plaintiff filed a summons and complaint in the Orange County Supreme Court against the OCCF, Orange County Sheriff's Office, and Carl E. Dubois, as Orange County Sheriff (the "State Action Defendants").  (Pierce Decl., Ex. C.)  The complaint alleged negligence, failure to protect Plaintiff, and failure to train.  (*Id.* at 3–9.)

On February 23, 2018, the State Action Defendants filed a motion to dismiss on the following grounds: (a) Plaintiff's claims against Sheriff Dubois were barred by the one year statute of limitation under CPLR § 215(1); (b) Plaintiff failed to state a cause of action for negligent supervision and training; (c) Plaintiff failed to obtain personal jurisdiction over Sheriff Dubois, and (d) OCCF and Orange County Sheriff's Office are not suable entities.  (*See* Pierce Decl., Ex. D.)  On March 27, 2018, the New York Supreme Court for the County of Orange granted the State Action Defendants' motion in its entirety.  (*See* Pierce Decl., Ex. E.)

## II.    LEGAL STANDARD

### a.   12(b)(6)

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable.  *Iqbal*, 556 U.S. at 678.  To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).  While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678–79.

### b.   42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be

subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### DISCUSSION

Plaintiff alleges that the County Defendants and the fourteen John Doe corrections officers violated his constitutional rights under Section 1983 by failing to protect Plaintiff and by failing to properly train employees at OCCF. He also alleges violations under the New York State Constitution and under state law. For the reasons stated below, the Court finds Plaintiff's pleading to be insufficient as to each of his claims.

### I. Constitutional Claims

#### a. Failure to Protect

In general, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994). But not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A claim that alleges failure to protect or intervene "is a Fourteenth Amendment violation where the officer acted with

'deliberate indifference to a substantial risk of serious harm to an inmate.'" *Rosen v. City of New York*, 667 F. Supp. 2d 355, 359–360 (S.D.N.Y. 2009) (citing *Farmer*, 511 U.S. at 828).[2]  For such claims, the Court must apply the two-prong framework for claims of deliberate indifference.  That is, the inmate must show (1) that the failure to intervene or protect the inmate was sufficiently serious such that it caused "an unquestioned and serious deprivation of basic human needs" and (2) that the defendant acted with a "sufficiently culpable state of mind."  *Id.* (citations omitted.)  To established the second prong, the inmate must prove the official "acted intentionally . . . or recklessly failed to act with reasonable care . . . even though the defendant-official knew, or should have known" that a substantial risk of serious harm would result from their failure to intervene.  *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

Plaintiff alleges that the County Defendants knew about Griffin's "predilection for violence with the use of razor blades, knives, and/or sharp make-shift shank weapons, and failed to properly inspect, pat search and implement reasonable policy and procedures to prevent the subject incident from occurring." (Am. Compl. ¶ 27.)  Furthermore, Plaintiff alleges that the failure to stop Griffin's "infiltration, harboring, creating and use of deadly weapons, a razor, in the jail" was "in accordance with the established Custom and Policy of the County, of removing or transporting inmates to and from their cells and conducting 'strip searches' of inmates at the Jail." (*Id.* at ¶¶ 28–31.)

Even construing the pleadings liberally, Plaintiff has not alleged sufficient facts to plausibly allege a claim for failure to protect.  The Amended Complaint does not go so far as to

---

[2] Plaintiff's status at OCCF was that of a pretrial detainee and parole violator.  A pretrial detainee's deliberate indifference claim is analyzed under the Fourteenth Amendment.  *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017).  The Second Circuit has yet to determine whether parole violators are analyzed under the Eighth or Fourteenth Amendments for deliberate indifference claims, *see Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020), therefore, the Court will analyze Plaintiff's claims under the Fourteenth Amendment, the more liberal analysis.

allege that there were any prior altercations between Plaintiff and Griffin, or that there were any specific threats made by Griffin to Plaintiff. *See Carrasco v. Annucci*, No. 17 CV 9643 (VB), 2019 WL 4413165, at *4 (S.D.N.Y. Sept. 16, 2019) ("In general, '[a] plaintiff must allege that the defendants knew of a prior altercation between the plaintiff and his attacker, or of threats that had been made against the plaintiff.' 'Courts routinely deny deliberate indifference claims based upon surprise attacks.'" (internal citations omitted)).

And Plaintiff's attempt to portray Griffin as a general threat to all inmates, (*see* Pl. Mem. of Law in Opposition ("Pl. Opp."), ECF No. 26 at 5), does not supply a foothold either. To sustain a failure to protect claim based on a "general risk of harm to all inmates at the facility," a plaintiff must allege that "the defendants knew of a history of prior inmate-on-inmate attacks similar to the one suffered by the plaintiff and that the measures they should have taken in response to such prior attacks would have prevented the attack on the plaintiff." *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013). "This generally requires a plaintiff to establish a longstanding, pervasive, well-documented history of similar attacks, coupled with circumstances suggest[ing] that the defendant-official being sued had been exposed to [this] information." *Constant v. Prack*, 2019 WL 3287818, at *7 (S.D.N.Y. July 19, 2019) (internal quotations omitted). The Amended Complaint does not contain such allegations.[3] Moreover, even had Plaintiff sufficiently pleaded the basic elements of a failure to

---

[3] Plaintiff attaches to his Opposition the transcript of a hearing held pursuant to section 50-h of the New York General Municipal Law. (*See* ECF No. 25, Ex. 1). This document was not attached to the complaint, nor has Plaintiff explained how he "relied upon [it] in bringing suit." *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Prevost v. City of New York*, No. 13-CV-3760 VEC, 2014 WL 6907560, at *2 (S.D.N.Y. Dec. 9, 2014) ("District courts in this circuit regularly decline to consider 50–h Transcripts submitted in support of or in opposition to a motion to dismiss, even if neither party objects" and collecting cases); *Aguilera v. Cty. of Nassau*, 425 F. Supp. 2d 320, 323 (E.D.N.Y. 2006) (finding "no reason to believe that the plaintiff relied on the transcript of his own testimony, rather than from his independent recollection of the events, in drafting the pleading."). Even if the Court was persuaded that the facts gleaned from the 50-h testimony supported Plaintiff's claim, it would still fail under the *Monell* analysis described below.

protect claim, the allegations in the Amended Complaint do not support municipal liability under *Monell*.

### b. *Monell* Liability

The County is a municipality that cannot be held liable simply under a *respondeat superior* theory.[4]  *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Under *Monell*, a plaintiff must demonstrate "that the municipality itself caused or is implicated in the constitutional violation."  *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004).  This generally requires plaintiff to allege that "(1) an official custom or policy [] (2) subjected [him or her] to (3) a denial of a constitutional right."  *Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 40 (E.D.N.Y. 2011); *see also Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("In order to prevail on a claim against a municipality under [S]ection 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury.").  To establish an official custom or policy, a plaintiff must first allege one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

---

[4] As to Sheriff Dubois's personal involvement, "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

*White v. Westchester Cty.*, No. 18-CV-730 (KMK), 2018 WL 6726555, at \*10 (S.D.N.Y. Dec. 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010)). Second, the plaintiff must establish a "'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'"  *Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Here, Plaintiff asserts that the Defendants' conduct on October 27, 2016 was "in accordance with the established Custom and Policy of the County, of removing or transporting inmates to and from their cells and conducting 'strip searches' of inmates at the Jail."  (Am. Compl. at ¶ 30.).  But the Amended Complaint does not include any allegations as to how the policy of strip searching inmates when leaving or returning to the facility resulted in Plaintiff's injuries.  Instead, in Plaintiff's Opposition to the Motion, Plaintiff argues—for the first time— that Sheriff DuBois had a "policy and custom of allowing known violent felons with a predilection for assaulting other inmates with razors into an open environment with little supervision demonstrated deliberate indifference toward a known risk of harm."  (Pl. Opp. at 3.) In addition, Sheriff DuBois "had established the policy of allowing twenty-eight of the inmates, including Pernell Griffin, to mingle in a single room.  Further, the Sheriff had only provided a single officer to supervise the twenty-eight detainees."  (Pl. Opp. at 6.)

Even if the Court were to entertain this improperly presented argument, in order to premise *Monell* liability on an unofficial policy or custom, the practice, custom, or usage must be so widespread and so persistent that it has the force of law.  *See Goode v. Westchester Cty.*, NO. 18-cv-2963 (NSR), 2019 WL 2250278, at \*3 (S.D.N.Y. May 24, 2019).  Here, by contrast, Plaintiff can only point to a single instance in which this allegedly inadequate supervision occurred.  *See Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single

incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."); *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) ("[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State."). The Amended Complaint does not include any facts tending to support, even circumstantially, that the County maintained such an injurious custom or policy.[5] Because Plaintiff has failed to allege facts that would plausibly support a claim based on the County's "policy and custom," this claim must be dismissed. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).

As to Sheriff Dubois specifically, the Amended Complaint is devoid of any factual allegations regarding his direct involvement in the October 27, 2016 incident. (*See* Am. Compl. ¶¶ 25–34.) Instead, Plaintiff generally alleges that Sheriff Dubois failed to "properly select, train, supervise, promote and discipline correction officers." (*Id.* ¶ 39.) Therefore, the Court interprets Plaintiff's claim as one premised upon category four—inadequate training or supervision.

The Supreme Court has observed that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Where municipal liability is based on a failure to train employees, the inadequate training must "reflect[ ] deliberate indifference to . . . constitutional rights." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). To prove deliberate indifference, a plaintiff must properly plead (1) "that a policymaker knows 'to a moral certainty' that her employees will

---

[5] Plaintiff raises two other lawsuits filed against the County of Orange: *Pagan v. Cty. of Orange*, New York, No. 99 CIV. 12319 (CM), 2001 WL 32785 (S.D.N.Y. Jan. 4, 2001) and *Charles v. Orange Cty.*, 925 F.3d 73 (2d Cir. 2019). While *Pagan* did involve an inmate-on-inmate attack, it did not result in an adjudication of the County's liability (Plaintiff withdrew its claims against the County). *See Pagan*, 2001 WL 32785 at *1. And *Charles* is inapposite because the policy or custom at issue involved allegations of a lack of discharge planning, not an inmate on inmate attack. *See* 925 F.3d at 77. As such, these lawsuits fail to remedy Plaintiff's deficient *Monell* claim. *See Bethune v. Westchester Cty.*, No. 18-CV-3500 (NSR), 2020 WL 1032508, at *4 (S.D.N.Y. Mar. 2, 2020).

confront a given situation"; (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "that the wrong choice by the . . . employee will frequently cause the deprivation of a citizen's constitutional rights." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 440 (2d Cir. 2009) (citing *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)).  Furthermore, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62.

Here, as above, Plaintiff has not alleged any pattern of similar constitutional violations. Nor has Plaintiff alleged a "specific deficiency in the municipality's training." *Tieman v. City of Newburgh*, No. 13-CV-4178 KMK, 2015 WL 1379652, at *22 (S.D.N.Y. Mar. 26, 2015). "[M]ere allegations of . . . inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom *unless supported by factual details*." *Id.* at *13 (emphasis added). Accordingly, Plaintiff's conclusory *Monell* claim based on the County Defendants' failure to train correctional officers is therefore dismissed.

Plaintiff is granted leave to replead his § 1983 claim to the extent he can provide more specific factual allegations regarding the County Defendants' relevant customs and policies and/or training and supervision.  *Cf. Barnes v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006) (summ. order) (indicating leave to replead is appropriate where plaintiff may have "new material he wishes to add to remedy substantive defects.") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## II.     State Law Claims that Plaintiff Has Abandoned

It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims.  *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."); *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313 (S.D.N.Y. 2018) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim."); *Johnson v. City of New York*, 15-CV-8195, 2017 WL 2312924, at *18 (S.D.N.Y. May 26, 2017) (holding that the plaintiff abandoned her claim because her opposition did not address the defendants' arguments, including their argument that they lacked personal involvement); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (collecting cases).

Here, the County Defendants challenged Plaintiff's state law claims on several grounds, including that there is no private right of action for violations of the New York State Constitution and that the remaining state law claims are barred by the applicable statutes of limitations and by collateral estoppel.  (*See* County Defendants' Mem. of Law In Support, ECF No. 29, at 12–18.) Plaintiff's Opposition fails to address these arguments.  The Court therefore deems the following claims of Plaintiff fully abandoned: violations of the New York State Constitution[6] and all other

---

[6] As a matter of law, this claim would be dismissed as well because in order to have a private right of action under the New York Constitution, there must be no alternative remedy under federal law or common law.  *Flores v. City of Mount Vernon*, 41 F. Supp. 2d 439, 446-47 (S.D.N.Y. 1999); *Felmine v. City of N.Y.*, No. 09-3768, 2012 WL 1999863 at *6 (E.D.N.Y. June 4, 2012).  Here, there are already cognizable remedies that Plaintiff is pursuing under § 1983.  *See Tchatat v. City of New York*, No. 14 CIV. 2385 LGS, 2015 WL 5091197, at *17 (S.D.N.Y. Aug. 28, 2015), *on reconsideration in part*, No. 14 CIV. 2385 LGS, 2015 WL 6159320 (S.D.N.Y. Oct. 20, 2015)  ("District courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983.") (quoting *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013)).

state law claims.[7]  *See, e.g., Ross v. Port Chester Hous. Auth.*, No. 17-CV-4770 (NSR), 2019 WL 4738941, at *8 (S.D.N.Y. Sept. 27, 2019).  These claims are dismissed with prejudice.  *See Cuoco*, 222 F.3d at 112 (2d Cir. 2000) (leave to replead should not be granted where "[t]he problem with [the plaintiff]'s causes of action is substantive; better pleading will not cure it.").

## CONCLUSION

For the foregoing reasons, the County Defendants' motion to dismiss is GRANTED. Plaintiff's § 1983 claims against the County Defendants are dismissed without prejudice. Plaintiff's claims under the New York State Constitution and all other state law claims are dismissed with prejudice.

Plaintiff may file a Second Amended Complaint consistent with this Opinion, on or before August 4, 2020, should he choose to reassert his § 1983 claims that were dismissed without prejudice.  Because Plaintiff's Second Amended Complaint will completely replace, not supplement, the Amended Complaint, any facts or claims that Plaintiff wishes to remain—aside from those claims dismissed with prejudice per this Order—must be included in the Second Amended Complaint.  Failure to timely replead may result in dismissal with prejudice.

If Plaintiff does not file a Second Amended Complaint by August 4, 2020, the remaining identified Defendant Pernell Griffin is directed to file an answer as to the surviving claims of the

---

[7] As a matter of law, Plaintiff's battery claim is barred by the applicable statute of limitations.  "Under New York law, actions for intentional torts—including assault, battery, IIED and abuse of process—are subject to a one-year limitations period."  *Tchatat v. City of New York*, No. 14 CIV. 2385 LGS, 2015 WL 5091197, at *13 (S.D.N.Y. Aug. 28, 2015), on reconsideration in part, No. 14 CIV. 2385 LGS, 2015 WL 6159320 (S.D.N.Y. Oct. 20, 2015) (citing N.Y. C.P.L.R. § 215(3)).  The Amended Complaint alleges the battery occurred on October 27, 2016, as such, it is now barred by the statute of limitations.  (*See* Am. Compl. §§ 27, 47.)

Similarly, Plaintiff's negligence claims are also subject to a one-year limitations period and must also be dismissed. *See* N.Y. C.P.L.R. § 215(1); *Adams v. Rensselaer Cty.*, 66 N.Y.2d 725, 727, 487 N.E.2d 906 (1985); *Kingston v. Erie Cty.*, 122 A.D.2d 543, 544 (4th Dep't 1986) ("The one-year limitation governing actions against a Sheriff (CPLR 215 [1]) applies equally to his deputies.").  Likewise, Plaintiff's claim for negligent supervision, hiring, monitoring and retention is also barred.  *See* N.Y. C.P.L.R. § 215(1).

Amended Complaint on or before September 4, 2020. The parties are directed to confer,

complete, and submit to the Court the attached case management plan on or before September

25, 2020.

Accordingly, the Clerk of the Court is respectfully directed to terminate the County

Defendants' Motion to Dismiss at ECF No. 32. The Clerk of the Court is further directed to

terminate Defendants the County of Orange and Sheriff Carl E. DuBois. Plaintiff is directed to

mail a copy of this Opinion to *pro se* Defendant Griffin at his last address listed on ECF and file

proof of service on the docket.

Dated: July 15, 2020
       White Plains, New York

SO ORDERED:

_____

NELSON S. ROMAN
United States District Judge

UNITED STATES DISTRICT COURT                                    Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x


                                                    **CIVIL CASE DISCOVERY PLAN**
                              Plaintiff(s),          **AND SCHEDULING ORDER**

          - against -


                              Defendant(s).      _____ CV _____ (NSR)


-------------------------------------------------------------x

        This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

   1.    All parties [consent] [do not consent] to conducting all further proceedings before
         a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).
         The parties are free to withhold consent without adverse substantive consequences.
         (If all parties consent, the remaining paragraphs of this form need not be
         completed.)

   2.    This case [is] [is not] to be tried to a jury.

   3.    Joinder of additional parties must be accomplished by _____.

   4.    Amended pleadings may be filed until _____. Any party
         seeking to amend its pleadings after that date must seek leave of court via motion.

   5.    Interrogatories shall be served no later than _____, and responses
         thereto shall be served within thirty (30) days thereafter.  The provisions of Local
         Civil Rule 33.3 [shall] [shall not] apply to this case.

   6.    First request for production of documents, if any, shall be served no later than
         _____.

   7.    Non-expert depositions shall be completed by _____.

         a.    Unless counsel agree otherwise or the Court so orders, depositions shall not
               be held until all parties have responded to any first requests for production
               of documents.

         b.    Depositions shall proceed concurrently.

         c.    Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)


SO ORDERED.

Dated: White Plains, New York
       _____


                                        _____
                                        Nelson S. Román, U.S. District Judge